IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY BAKER, JR., 1608922, <br> Petitioner, <br> <br> v. <br> <br> LORIE DAVIS, Director, TDCJ-CID, <br> Respondent. | ) <br> ) <br> ) <br> ) No. 3:15-CV-550-B <br> ) <br> ) <br> ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner confined pursuant to two DWI convictions from the 249th Judicial District Court of Johnson County, Texas. *State of Texas v. Charles Ray Baker*, Nos. F43766 and F36709 (249th Jud. Dist. Ct., Johnson County, Tex. Oct. 23, 2009 and October 13, 2009).

Petitioner does not challenge his convictions. Instead, he claims he did not receive proper pre-sentence time credit. The record shows that on January 11, 2010, Petitioner filed a time-credit resolution form with TDCJ. (*Ex parte Baker*, 74,060-04 at 64.) On August 31, 2010, TDCJ denied relief. (*Id.*) On November 23, 2011, Petitioner filed a motion for judgment nunc

pro tunc in the trial court. (*Id.* at 36.) On July 16, 2012, the court denied the motion. (*Id.* at 52.) On December 3, 2012, Petitioner filed a motion for leave to file an original writ of mandamus. (*Ex parte Baker*, No. 74,060-03 at 4.) On December 19, 2012, the Court of Criminal Appeals denied the motion. (*Id.* at cover.)

On August 26, 2013, Petitioner filed two state habeas petitions. Ex parte Baker, Nos. 74,060-04, -05. On October 9, 2013, the Court of Criminal Appeals dismissed petition number 74,060-04 because a state habeas petition is not the proper procedure for seeking pre-sentence time credit.[1] On October 9, 2013, the Court of Criminal Appeals dismissed petition number 74,060-05 for abuse of the writ.

On February 10, 2015, Petitioner filed the instant § 2254 petition. He argues he did not receive proper pre-sentence time credit, which renders his guilty plea invalid. Petitioner also claims he was denied due process when the state court failed to hold a hearing on his state habeas petition, and that he has exceeded his mandatory supervised release date because of the failure to properly credit him with pre-sentence time credit.

On November 17, 2015, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred. Petitioner did not file a reply. The Court finds the petition should be dismissed as barred by the statute of limitations.

---

[1] In Texas, the correct procedure for a convicted person seeking credit for pre-sentence confinement is to file a motion for judgment nunc pro tunc in the trial court. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). If the trial court denies the motion, the next step is to file an application for writ of mandamus in the court of appeals. *Id.* If the appellate court denies relief, a defendant may file an application for writ of mandamus in the Court of Criminal Appeals. *Id.*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**         Page -2-

## II. Discussion

1.  **Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In this case, the statute of limitations began to run on December 19, 2012, which was the date the Court of Criminal Appeals denied Petitioner's motion for leave to file a writ of mandamus because that was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

2244(d)(1)(D). Petitioner then had one year, or until December 19, 2013, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. On August 26, 2013, Petitioner filed two state habeas petitions. These petitions tolled the limitations period for forty-four days, until they were dismissed on October 9, 2013. When forty-four days were added to the limitations period, Petitioner's new limitations date became February 3, 2014. He did not file his § 2254 petition until February 10, 2015. His petition is therefore untimely.

### 2.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed this 18 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).